Frank P. Kelly, SBN 083473
Email: fkelly@shb.com
Patrick J. Gregory, SBN 206121
Email: pgregory@shb.com
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2700
San Francisco, California 94104
Telephone:  415.544.1900
Facsimile:  415.391.0281

Attorneys for Defendant
PHILIP MORRIS USA INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(WESTERN DIVISION – LOS ANGELES)

| | |
|---|---|
| JODIE BULLOCK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PHILIP MORRIS USA, INC., a corporation; and DOES 1-100 inclusive,<br><br>　　　　Defendant. | CASE NO. 2:14-cv-01258<br><br>**PHILIP MORRIS USA INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR WRONGFUL DEATH** |

　　　　Defendant Philip Morris USA Inc. (hereinafter referred to as "Philip Morris USA") answers Plaintiff's Complaint for Wrongful Death ("Complaint") as follows:

　　　　1.　　The allegations of Paragraph 1 are not directed toward Philip Morris USA and, therefore, no response is required.  To the extent a response is required, Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and, therefore, denies the same.

///

///

///

2.     Paragraph 2 asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA denies the allegations of Paragraph 2.

3.     Philip Morris USA states that it is unable to respond to the allegations of Paragraph 3 in any meaningful manner because the phrase "At all times mentioned herein" is not defined in Plaintiff's Complaint. Furthermore, Paragraph 3 asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA denies the allegations of Paragraph 3.

4.     The allegations of Paragraph 4 are not directed toward Philip Morris USA and, therefore, no response is required. To the extent a response is required, Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and, therefore, denies the same.

5.     Paragraph 5 asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA admits that it is a foreign corporation and that it is duly authorized to do business and is doing business in the State of California. Philip Morris USA denies the remaining allegations of Paragraph 5.

6.     Philip Morris USA admits that Plaintiff was the decedent's daughter. Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 and, therefore, denies the same.

7.     The allegations of Paragraph 7 are not directed toward Philip Morris USA and, therefore, no response is required. To the extent a response is required, Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and, therefore, denies the same.

///

8. Paragraph 8 asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA admits that on September 26, 2002, the jury returned a verdict against Philip Morris USA in *Bullock v. Philip Morris USA Inc*, et al. Philip Morris further admits that the judgment in that case is final. Philip Morris USA denies the remaining allegations of Paragraph 8.

9. Paragraph 9 asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA admits, upon information and belief, that Betty Bullock died on February 6, 2003. Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 9.

10. Philip Morris USA denies the allegations of Paragraph 10.

## FIRST CAUSE OF ACTION

**(Negligence, Strict Liability, Negligent Misrepresentation, Intentional Misrepresentation, Concealment, False Promise)**

11. Philip Morris USA restates, realleges, and incorporates by reference herein its responses to Paragraphs 1 through 10 of the Complaint as if fully set forth herein.

12. Paragraph 12 asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA admits that on September 26, 2002, the jury returned a verdict against Philip Morris USA in *Bullock v. Philip Morris USA Inc*, et al. Philip Morris USA denies the remaining allegations of Paragraph 12.

13. Paragraph 13 asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 13.

///
///
///

## SECOND CAUSE OF ACTION

**(Negligence and Strict Liability)**

14. Philip Morris USA restates, realleges, and incorporates by reference herein its responses to Paragraphs 1 through 13 of the Complaint as if fully set forth herein.

15. Paragraph 15 asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 15.

16. Paragraph 16 asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA denies that it engaged in the conduct alleged, denies that its cigarettes were or are "unreasonably dangerous," and denies the remaining allegations of Paragraph 16.

17. Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and, therefore, denies the same.

18. Paragraph 18 asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 18.

Philip Morris USA denies that Plaintiff is entitled to the relief requested in the unnumbered WHEREFORE paragraph or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Philip Morris USA sets forth below its affirmative defenses. Each defense is asserted as to all causes of action against Philip Morris USA. By setting forth these affirmative defenses, Philip Morris USA does not assume the burden of proving any fact, issue or element of a cause of action, where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter necessarily is relevant to

Plaintiff's allegations.

## First Affirmative Defense

### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

## Second Affirmative Defense

### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## Third Affirmative Defense

### (Commonly Known Risks)

To the extent that Plaintiff's claims are based on an alleged duty to disclose the risks associated with cigarette smoking, such claims are barred because, to the extent such risks exist, those risks are, and always have been commonly known.

## Fourth Affirmative Defense

### (Laches)

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## Fifth Affirmative Defense

### (Waiver)

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## Sixth Affirmative Defense

### (Ratification)

Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification.

## Seventh Affirmative Defense

### (Estoppel and/or Quasi-Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrines of equitable estoppel and/or quasi-estoppel.

///

<u>Eighth Affirmative Defense</u>

**(Mootness)**

Plaintiff's claims are barred, in whole or in part, to the extent that the claims or the relief sought are moot.

<u>Ninth Affirmative Defense</u>

**(Sale of Cigarettes is Legal Activity)**

Plaintiff's claims are barred, in whole or in part, because the sale of cigarettes to persons of legal age for purchasing cigarettes is a legal activity in the State of California.

<u>Tenth Affirmative Defense</u>

**(First Amendment)**

Plaintiff's claims are barred, in whole or in part, because they violate Philip Morris USA's rights under the First Amendment to the United States Constitution and Article 1, Section 2 of the California Constitution, which protect the rights to freedom of speech, to petition the government, and to freedom of association.

<u>Eleventh Affirmative Defense</u>

**(Preemption)**

Plaintiff's claims are barred, in whole or in part, by the Supremacy Clause of the United States Constitution, Article VI, section 2, because those claims are preempted and/or precluded by federal law, including, but not limited to, the Federal Cigarette Labeling and Advertising Act, 15 U.S.C. §§ 1331 e*t seq.*, and the Federal Trade Commission's policies and regulations regarding the cigarette industry.

<u>Twelfth Affirmative Defense</u>

**(Privilege)**

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution, and Article I, sections 2 and 3 of the Constitution of the State of California, by the *Noerr-Pennington* Doctrine, and by California Civil Code

section 47(b), to the extent that Plaintiff's claims are premised, in whole or in part, on alleged statements or conduct in judicial, legislative or administrative proceedings, of any kind or at any level of government.

### Thirteenth Affirmative Defense

**(Violation of Procedural and Substantive Due Process)**

Plaintiff's claims are barred, in whole or in part, because they violate the due process provisions of the Fifth Amendment and §1 of the Fourteenth Amendment to the United States Constitution, as well as cognate provisions of the Constitution of the State of California, to the extent that they seek to deprive Philip Morris USA of procedural and substantive safeguards, including common law defenses to liability.

### Fourteenth Affirmative Defense

**(Retroactive Liability)**

Plaintiff's claims are barred, in whole or in part, because they violate Philip Morris USA's right under the due process and Ex Post Facto clauses of the United States Constitution, as well as Article I, sections 7 and 9 of the Constitution of the State of California, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Fifteenth Affirmative Defense

**(Settlement, Accord and Satisfaction)**

Plaintiff's claims are barred, in whole or in part, by settlement or accord and satisfaction of their claims.

### Sixteenth Affirmative Defense

**(Set-Off)**

Philip Morris USA is entitled to a set off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by Plaintiff and/or Plaintiff's decedent with respect to the same alleged injuries.

///

<u>Seventeenth Affirmative Defense</u>

**(Damages Too Speculative and Remote)**

Plaintiff may not recover on the claims pleaded in the Complaint because the damages sought are too speculative and remote.

<u>Eighteenth Affirmative Defense</u>

**(State-of-the-Art)**

Plaintiff's claims are barred, in whole or in part, because any cigarettes manufactured and sold by Philip Morris USA are, and always have been, consistent with available technological, medical, scientific and industrial state-of-the-art and comply, and always have complied, with all applicable governmental regulations.

<u>Nineteenth Affirmative Defense</u>

**(Preexisting Conditions/Superseding or Intervening Causes)**

If Plaintiff and/or Plaintiff's decedent have sustained any injuries or incurred any damages, such injuries and damages, if any, were the result of preexisting conditions, intervening or superseding events, factors, occurrences or conditions, which were in no way caused by Philip Morris USA and for which Philip Morris USA is not responsible and not liable.

<u>Twentieth Affirmative Defense</u>

**(Failure to Warn)**

While denying at all times that any cigarettes manufactured by Philip Morris USA caused or contributed to the injuries and damages alleged in the Complaint, Philip Morris USA avers that Plaintiff and/or Plaintiff's decedent were warned or otherwise made aware of the alleged risks of cigarette smoking and further, that any such risks, to the extent they existed, were not beyond those which would have been contemplated by an ordinary consumer of the cigarettes. Plaintiff, therefore, is barred from any recovery on the claims asserted.

///

<u>Twenty-first Affirmative Defense</u>

**(Restatement (Second) of Torts § 402A, comment i)**

Plaintiff's claims are barred, in whole or in part, because they do not satisfy the standard of § 402A of the Restatement (Second) of Torts, comment i.

<u>Twenty-second Affirmative Defense</u>

**(Immunity – C.C.P. § 1714.45)**

Plaintiff's claims are barred, in whole or in part, by the provisions of Code of Civil Procedure § 1714.45, in effect from January 1, 1988 to December 3, 1997, inclusive, and by the principles set forth in the California Supreme Court decisions in *Myers v. Philip Morris Co.*, 28 Cal. 4th 828 (2002) and *Naegele v. R. J. Reynolds Tobacco Company*, 28 Cal. 4th 856 (2002).

<u>Twenty-third Affirmative Defense</u>

**(Failure to Plead With Particularity)**

Plaintiff's misrepresentation and fraud claims are barred because Plaintiff has failed to plead misrepresentation and fraud with particularity, as required by the applicable rules.

<u>Twenty-fourth Affirmative Defense</u>

**(Lack of Materiality)**

Plaintiff is barred from recovery on his misrepresentation claims because the representations and actions alleged by Plaintiff were not and are not material, in that they were not and are not likely to affect the decisions or conduct of Plaintiff and/or Plaintiff's decedent or to have caused Plaintiff and/or Plaintiff's decedent to have chosen differently, but for such alleged representations or actions, in light of the information available and known to consumers and in that the alleged representations and actions were not likely to mislead consumers acting reasonably under the circumstances.

///

<u>Twenty-fifth Affirmative Defense</u>

**(No Intent to Deceive)**

Plaintiff is precluded from recovery on his fraud and misrepresentation claims because the representations and actions alleged by Plaintiff were not intended to deceive Plaintiff and/or Plaintiff's decedent.

<u>Twenty-sixth Affirmative Defense</u>

**(Compliance with FTC Regulations)**

Plaintiff's claims are barred because Philip Morris USA's advertisements for its cigarettes comply, and always have complied, with all applicable regulations of the Federal Trade Commission.

<u>Twenty-seventh Affirmative Defense</u>

**(Conflict of Laws)**

Philip Morris USA intends to rely upon and reserves its right to assert other and related defenses, as may become available in the event of a determination that this action, or some part thereof, is governed by the substantive law of a state other than California.

<u>Twenty-eighth Affirmative Defense</u>

**(Failure to Mitigate)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff and/or Plaintiff's decedent have failed to mitigate any damages they may have sustained and for which Plaintiff seeks recovery in this action.

<u>Twenty-ninth Affirmative Defense</u>

**(No Legal Duty)**

Plaintiff is barred from recovery for some or all of the claims asserted against Philip Morris USA because Philip Morris USA did not owe any legal duty to Plaintiff and/or Plaintiff's decedent or, if Philip Morris USA owed a legal duty, Philip Morris USA did not breach that duty.

Thirtieth Affirmative Defense

**(No Superior Knowledge)**

Plaintiff's fraud and misrepresentation claims cannot be sustained because Philip Morris USA did not have superior knowledge of material facts pertaining to smoking and health that were not also readily available to Plaintiff and/or Plaintiff's decedent.

Thirty-first Affirmative Defense

**(Res Judicata/Collateral Estoppel)**

Plaintiff's claims are barred, in whole or in part, by the doctrines of *res judicata* and/or collateral estoppel.

Thirty-second Affirmative Defense

**(No Offensive Collateral Estoppel)**

Plaintiff is precluded from asserting the doctrine of offensive collateral estoppel because Plaintiff cannot prove all elements of that doctrine with respect to any issue or issues present in this action. In addition, exceptions to the application of that doctrine apply in this action, and public policy precludes Plaintiff from asserting offensive collateral estoppel in this action.

Thirty-third Affirmative Defense

**(Comparative Fault)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of comparative fault.

Thirty-fourth Affirmative Defense

**(Additional Defenses)**

Philip Morris USA hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case and hereby reserves its right to amend its Answer to assert any such defenses.

///

<u>Thirty-fifth Affirmative Defense</u>

**(Incorporation of Other Defenses)**

Any affirmative defenses pled by the other Defendants and not pled by Philip Morris USA are hereby incorporated herein to the extent they do not conflict with Philip Morris USA's affirmative defenses.

**<u>PRAYER FOR RELIEF</u>**

Philip Morris USA prays for entry of judgment in its favor and against Plaintiff as follows:

1. That the Complaint be dismissed in its entirety with prejudice;
2. That Plaintiff take nothing by way of the Complaint;
3. That Philip Morris USA recover its costs, disbursements and attorneys' fees in this action; and
4. For such other and further relief as this Court deems just and proper.

**<u>JURY DEMAND</u>**

Philip Morris USA hereby demands a trial by jury on all issues.

Date:  February 19, 2014　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　SHOOK, HARDY & BACON L.L.P.

　　　　　　　　　　　　　　　　　　　By:  __/s/_*Patrick J. Gregory*____
　　　　　　　　　　　　　　　　　　　　　PATRICK J. GREGORY

　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　PHILIP MORRIS USA INC.